IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 11-2230-TUC-DCB (JCG) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Michael Edward Alcantar, | ) | |
| Defendant. | ) | |

On June 22, 2011, Defendant Michael Edward Alcantar was charged by indictment with six counts: possession of a destructive device in violation of 26 U.S.C. § 5841, 5861(d) and 5871; possession with intent to distribute approximately 2 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II); use of a destructive device in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(ii); conspiracy to possess a destructive device in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(ii); carrying an explosive during the commission of a felony in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II), 846 and 844(h)(2); and conspiracy to carry an explosive during the commission of a felony in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II) and 846. The indictment alleges that on or about May 28, 2008, Defendant and his co-defendants employed Molotov Cocktails while engaging in a drug trafficking crime.

On September 19, 2011, Defendant filed a Motion to Dismiss Indictment for Lack of

1  Probable Cause. (Doc. 78.) This matter came before the Court for a report and
2  recommendation as a result of a referral made on April 25, 2011, pursuant to LRCrim 5.1.
3  Having now considered the matter, the Magistrate Judge recommends that the District Court,
4  after its independent review, deny Defendant's Motion to Dismiss Indictment.

5  Defendant's Motion to Dismiss contends that the grand jury indictment was not
6  supported by probable cause. Defendant admits in his Motion that the grand jury transcript
7  has not been released and that Defendant is proceeding under the assumption that the
8  evidence presented to the grand jury consisted of the information in the disclosure provided
9  to the defense by the government. The Motion to Dismiss alleges that the evidence against
10 Defendant as presented to the grand jury demonstrated only that Defendant drove his co-
11 defendants to a residence, the co-defendants threw Molotov Cocktails at the residence, and
12 the Defendant later picked them up. Defendant contends that there was no evidence
13 presented to the grand jury which would suggest that Defendant undertook any overt acts
14 related to the alleged drug conspiracy. Defendant therefore seeks dismissal of the indictment.

15 "The grand jury's discretion—its independence—lies in two important characteristics:
16 the absolute secrecy surrounding its deliberations and vote and the unreviewability of its
17 decisions. At least since the seventeenth century, the grand jury has deliberated in secret, and
18 neither the judge nor the prosecutor may question the grand jury's findings, conclusions, or
19 motives. The grand jury's decision to indict or not is unreviewable in any forum; its decision
20 is final." *See United States v. Navarro-Vargas*, 408 F.3d 1184, 1200 (2005). Because grand
21 juries can properly indict suspects on the basis of hearsay, *see Costello v. United States*, 350
22 U.S. 359 (1956), evidence seized in violation of the Fourth Amendment, *see United States
23 v. Calandra*, 414 U.S. 338 (1974), or evidence obtained in violation of the Fifth Amendment,
24 *see United States v. Blue*, 384 U.S. 251 (1966), relatively few constitutional challenges to
25 indictments can be raised. *See United States v. Sears, Roebuck & Co.*, 719 F.2d 1386,
26 1391-92 (9th Cir.1983). A claim of insufficient evidence supporting the grand jury's finding
27 of probable cause is not grounds for dismissal of an indictment. "If indictments were to be
28 held open to challenge on the ground that there was inadequate or incompetent evidence

before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *See Costello v. United States*, 350 U.S. 359, 363 (1956). In the instant case, the indictment is valid on its face and Defendant has not alleged that the grand jury was illegally constituted or biased. The Court would exceed the scope of its judicial authority to engage in further review of the evidence supporting the indictment.

**RECOMMENDATION**

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court: DENY Defendant's Motion to Dismiss Indictment. (Doc. No. 78.) The parties have fourteen (14) days to serve and file written objections to the Report and Recommendation. The parties are advised that any objections should be filed with the following caption: **CR 11-2230-TUC-DCB.**

DATED this 21st day of September, 2011.

Jennifer C. Guerin
United States Magistrate Judge