IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>vs.<br>Michael Edward Alcantar,<br>　　　　Defendant. | CR 11-2230-TUC-DCB (JCG)<br>**REPORT AND RECOMMENDATION**<br>(Re: Motion to preclude Co-Defendant's Statements and Motion to Sever Defendants and Counts) |

　　　Pending before the Court is a Motion to Preclude Co-Defendant's Statements filed by Defendant Michael Edward Alcantar on September 19, 2011. (Doc. 81.) The government filed a response on October 4, 2011. (Doc. 101.)

　　　Also pending before the Court is a Motion to Sever Defendants and Sever Counts filed by Defendant Frederick Parker on September 22, 2011. (Doc. 87.) The government filed a response on October 4, 2011. (Doc. 102.)

　　　These matters came before the Court for a report and recommendation as a result of a referral made on April 25, 2011, pursuant to LRCrim 5.1. The Motions were set for hearing and heard on October 5, 2011.[1] Defendants were present and represented by counsel.

---

[1] Magistrate Judge Guerin was sworn in as a United States District Court Judge on October 5, 2011 after the hearing on the pending Motions. As this matter was heard when she was a magistrate judge, she has prepared a Report and Recommendation on these motions for review by Judge Bury as the presiding district court judge.

The matter was submitted following oral argument at the conclusion of the hearing and taken under advisement.

Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, deny Defendants' Motions.

**FACTUAL FINDINGS**

The government alleges that on May 28, 2008, the residence located at 1631 N. Goebel Avenue in Tucson, Arizona was hit with three explosive devices known as Molotov cocktails. According to the government, the firebombing followed an incident in which Defendant Koernig and cooperating witness Ryan Polito threatened an individual to force a cocaine deal or surrender a sum of money in exchange for the cocaine deal at the behest of Defendant Alcantar. Defendant Alcantar planned the firebombing attack and drove the vehicle along with Defendant Moser, Defendant Parker and Polito to and from the firebombing site.

Defendants Moser, Alcantar and Koernig made statements to Polito during and in furtherance of the conspiracies listed in the indictment which the government plans to use at trial. Polito had discussions with the target of the firebombing; those statements were also made in furtherance of the ongoing conspiracy to procure cocaine or money in exchange for the promise of cocaine. Defendant Moser made statements about the firebombing, including that it was planned by Defendant Alcantar, to a confidential informant in a recorded one-party consent call.

On June 22, 2011, Defendants Moser, Alcantar, Parker and Koernig were indicted on the following charges:

Count 1: Defendants Moser, Alcantar and Parker charged with possession of a destructive device in violation of 26 U.S.C. § 5841, 5861(d) and 5871;

Count 2: Defendants Moser, Alcantar and Koernig charged with conspiracy to possess with intent to distribute approximately 2 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II) and 846;

Count 3: Defendants Moser and Alcantar charged with use of a destructive

|   |   |   |
|---|---|---|
| 1 |  | device in relation to a drug trafficking crime in violation of 18 U.S.C. |
| 2 |  | §§ 924(c)(1)(A) and (c)(1)(B)(ii); |
| 3 | Count 4: | Defendants Moser and Alcantar charged with conspiracy to possess a |
| 4 |  | destructive device in relation to a drug trafficking crime in violation of |
| 5 |  | 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(B)(ii) and 924(o); |
| 6 | Count 5: | Defendants Moser and Alcantar charged with carrying an explosive |
| 7 |  | during the commission of a felony in violation of 21 U.S.C. §§ |
| 8 |  | 841(a)(1), 841(b)(1)(B)(ii)(II), 846 and 844(h)(2); and |
| 9 | Count 6: | Defendants Moser and Alcantar charged with conspiracy to carry an |
| 10 |  | explosive during the commission of a felony in violation of 21 U.S.C. |
| 11 |  | §§ 841(a)(1), 841(b)(1)(B)(ii)(II) and 846. |

**ANALYSIS**

**A. Motion to Preclude Statements**

Defendant Alcantar moves to preclude the admission of statements made by Defendant Moser and Polito that they were aware of and agreed to participate in Defendant Alcantar's plan to throw Molotov cocktails at the residence.

**1. The Magistrate cannot make an evidentiary ruling regarding preclusion pursuant to Fed. R. Evid. 801(d)(2)(e).**

Defendant Alcantar contends that Defendant Moser and Polito's statements are not admissible pursuant to Fed. R. Evid. 801(d)(2)(e). Rule 801(d)(2)(e) provides that a statement is not hearsay if it is offered against a party and is a statement by a co-conspirator made during the course of and in furtherance of the conspiracy. In order for a statement to qualify for admission as the statement of a co-conspirator, the following preliminary facts must be shown: (1) there was a conspiracy, (2) the defendant and the declarant were participants in the conspiracy, and (3) the statement was made by the declarant during and in furtherance of the conspiracy. *See* Fed.R.Evid. 801(d)(2)(E); *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). According to Defendant Alcantar, certain co-conspirator statements provided in government disclosure were made after the firebombing attack and

therefore cannot be considered statements made in furtherance of the conspiracy. The government counters that the conspiracy was continuing at the time the statements were made because the goals of the conspiracy were never reached.

Defendant Alcantar has not identified the specific statements which he seeks to preclude, and there is nothing in the Court's current record which would enable the Magistrate to consider whether certain co-conspirator statements meet the requirements of Rule 801(d)(2)(e). Moreover, this appears to be an evidentiary issue; as such it should be heard by the District Court as a motion *in limine*. *See, e.g., United States v. Sutton*, 2007 WL 1341400, *3 (D. Ariz. 2007) (making a preliminary ruling on motion *in limine* that statements do not qualify as co-conspirator statements because no showing has been made that the conspiracy was still ongoing at the time of the statements but permitting counsel to ask the Court to reconsider this decision if the evidence presented at trial establishes that the conspiracy was still in progress at the time of the statements). Accordingly, Defendant Alcantar is directed to re-file his Motion to Preclude Statements as a motion *in limine* before Judge Bury if he wishes to challenge the admissibility of the statements. The Motion should identify the specific statements to be precluded. The government's response should identify preliminary facts it intends to establish for admission of the statements.

**2. No *Crawford* violation**

Defendant Alcantar contends that admission of Moser and Polito's out-of-court statements implicating him would violate his Sixth Amendment Confrontation Clause rights as stated in *Crawford v. Washington*, 541 U.S. 36 (2004), which holds that testimonial out-of-court statements by witnesses are barred unless the witnesses are unavailable and defendant had a prior opportunity to cross-examine the witnesses. However, statements made by a co-conspirator that qualify for admission pursuant to Federal Rule of Evidence 801(d)(2)(E) may be admitted without violating the Confrontation Clause under *Crawford*. *See United States v. Bridgeforth*, 441 F.3d 864, 868-69 (9th Cir. 2006). Accordingly, Defendant's Sixth Amendment argument depends on the merits of his Rule 801(d)(2)(e) argument, and cannot be resolved at this time. For the foregoing reasons, the Magistrate

1 recommends that the pending Motion to Preclude Statements be denied.

2 **B.     Motion to Sever Defendants and Sever Counts**

Defendant Parker is charged only in Count 1 of the Indictment. In his pending Motion to Sever Defendants and Sever Counts, Defendant Parker asks the Court to sever him from all other Defendants and to sever Count 1 from the remaining Counts in the Indictment. In other words, Parker is asking that he be tried separately from the Defendants on Count I - which is the only count in the Indictment which pertains to him.

Rule 14, Fed. R. Crim. P., provides that the Court may grant a severance if a defendant is prejudiced by a joinder of offenses or defendants in an indictment. Generally speaking, defendants jointly charged are to be jointly tried. *See United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Limiting instructions will often suffice to cure any risk of prejudice. *See id.*

Count I of the Indictment alleges that Parker, along with Defendants Moser and Alcantar, possessed a Molotov Cocktail on May 28, 2008. Parker is not charged with the conspiracy charges contained in Counts 2, 4, and 6, which allege conspiracies on or about May 28, 2008: to possess with intent to distribute cocaine; to possess a destructive device in relation to drugs; and to carry a Molotov Cocktail during the commission of a felony. Defendant Parker contends that he is at risk of prejudice because he has not been charged with any conspiracy and he could be unfairly implicated in evidence related to the conspiracy charges against other Defendants. Defendant Parker also contends that the trial will likely include evidence of the co-defendants' membership in the Mexican Mafia, which should not be admitted against Defendant.

A defendant is not entitled to a severance merely because the evidence against a co-defendant is more damaging than the evidence against him. *See United States v. Gaines*, 563 F.2d 1352, 1355 (9th Cir. 1977). "While a great disparity in proofs may be sufficient to allow

- 5 -

a severance in certain cases, the prime consideration is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and the limited admissibility." *Id.* "Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro,* 506 U.S. at 538-39. Based on the alleged facts presented to the Court, the Magistrate concludes that appropriate instructions to the jury would permit the jury to compartmentalize the evidence against each defendant and that severance is unnecessary.

The government acknowledges that its allegations regarding Parker's involvement in the charges is limited to traveling to and from the residence with Alcantar, Moser and Polito and participating in the firebombing. According to the government, Polito has already stated that Defendant Parker is not involved in any of the drug dealing aspects of this case. The jury can be instructed not to consider the drug evidence in relation to the one charge against Parker. *See United States v. Monks*, 774 F.2d 945, 949 (9th Cir. 1985) (severance not required where evidence is straightforward and relatively easy to follow). Furthermore, there is nothing to suggest that any of the co-defendants made statements implicating Defendant Parker in the conspiracy. In fact, Defendant Parker alleges in his Motion that the only evidence connecting Defendant Parker to possession of a Molotov cocktail is the testimony of cooperating witness Polito, who has not been charged in this case. Thus, a jury could be further instructed that evidence related to the conspiracy should not be considered with respect to the charge against Defendant Parker. Finally, the government has indicated it intends to introduce evidence of Parker's co-defendants' gang membership. However, the government has also stated it has no objection to an instruction informing the jury that Defendant Parker was not a member of the gang. These instructions along with the general instruction that requires the jury to give separate consideration to each individual defendant and to each charge against him should permit the jury to compartmentalize the evidence that pertains to Parker. Accordingly, the Magistrate recommends that Parker's Motion to Sever be denied.

# RECOMMENDATION

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court:

1. DENY Defendant Alcantar's Motion to Preclude Co-Defendant's Statements filed on September 19, 2011 (Doc. 81);

2. DENY Defendant Parker's Motion to Sever Defendants and Sever Counts filed on September 22, 2011. (Doc. 87.)

The parties have fourteen (14) days from the date of entry of this Report and Recommendation to serve and file written objections. The parties are advised that any objections should be filed with the following caption: **CR 11-2230-TUC-DCB.**

DATED this 12th day of October, 2011.

_____
Jennifer C. Guerin
United States Magistrate Judge