WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-02230-002-TUC-DCB (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Edward Alcantar, | |
| Defendant. | |

<u>Motion for Compassionate Release: 18 U.S.C. § 3582(c)(1)(A)</u>

The Court denies the Supplemental Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A). "[A] federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). Congress created a limited exception to the rule of finality, pursuant to the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, 98 Stat. 1837, courts are authorized to grant compassionate release when "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). This is a "narrow" remedy because compassionate release derogates from the important principle of finality. *United States v. Wright*, 46 F.4th 938, 945 (2022) (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

"In *Concepcion v. United States*, the Supreme Court recently stated that '[i]t is only when Congress or the Constitution limits the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's

discretion to consider information is restrained.' —— U.S. ——, 142 S. Ct. 2389, 2396, 213 L.Ed.2d 731 (2022)." *United States v. Chen,* 48 F.4th 1092, 1095 (9th Cir. 2022). In *Chen,* the Ninth Circuit applied *Concepcion* in the context of a motion for compassionate release to conclude it was error to not consider judicial changes to sentencing law, including non-retroactive changes. In the Ninth Circuit, what constitutes extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) lies squarely within the district court's discretion. *Id.* at 1096. The power to grant compassionate release "is discretionary, not mandatory." *Wright*, 46 F.4th at 945.

In *Chen,* espousing on the Supreme Court's finding in *Concepcion* that a district court's discretion is limited only by Congress or the Constitution, the court held as follows:

> With regard to § 3582(c)(1)(A), Congress has only twice directly addressed what can be considered "extraordinary and compelling." First, the definition of extraordinary and compelling is bound by any applicable policy statements from the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); 28 U.S.C. § 994(t). Second, in 28 U.S.C. § 994(t), Congress explained that '[r]ehabilitation ... alone' cannot be extraordinary and compelling.

*Chen,* 48 F.4th at 1096*,* s*ee also Concepcion*, 142 S. Ct. at 2394 (noting FSA limitations in § 404(c) precluding FSA motion if the movant's sentence was already reduced under the FSA or if the court considered and rejected a FSA motion). *See also*

After *Chen,* this Court follows *Keller* when reviewing a motion for compassionate release under § 3582(c)(1)(A)(i) and considers: 1) whether "extraordinary and compelling reasons" warrant a sentence reduction or release; and 2) "the factors set forth in section 3553(a) to the extent that they are applicable." *Keller,* 2 F.4th at 1283-84. Absent Sentencing Commission policy statements "applicable" to § 3582(c)(1)(A) motions filed directly by a defendant, the Sentencing Commission's policy statements for BOP compassionate release motions, U.S.S.G. § 1B1.13, may inform a district court's discretion for § 3582(c)(1)(A) motions by defendants, but they are not binding. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Motions brought under § 3582(c)(1)(A)(i) require a court to perform a sequential inquiry before it grants compassionate release, but a district court that properly denies compassionate release based on § 3553 grounds need not evaluate each step. *Keller* at 1284. In the reverse, even if the Court finds extraordinary and

compelling reasons to warrant compassionate relief, it may still be denied if defendant fails to satisfy the sentencing factors in section 3553(a) to warrant a reduced sentence. *Wright,* 46 F.4th at 945.

The Court exercises its discretion to consider compassionate release motions on an individualized basis, *United States v. Brooker*, 976 F.3d 228, 230 (2nd Cir. 2020), and weighs the § 3553(a) sentencing factors to decide whether the requested sentence reduction is warranted "under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

## Petitioner's Case for Compassionate Release

Following a trial and conviction for possession and use of a destructive device in relation to a drug trafficking crime, this Court sentenced the Petitioner to a total of 360 months in prison. (Judgment and Commitment (Doc. 422)). Concurrent sentences of 60 months were imposed on four counts, followed by a consecutive sentence of 30 years for Count 6 for use of a destructive device (a Molotov cocktail) during and in relation to a drug trafficking crime, to wit: intent to, and conspiracy to, possess and distribute cocaine. The Court imposed a mandatory consecutive sentence pursuant to 18 U.S.C. § 924§ (c)(1)(A) and (c)(1)(B)(ii) and D, which provides as follows:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, <u>shall, in addition to the punishment provided for such crime of violence or drug trafficking crime</u>—
>
> (B) If the firearm possessed by a person convicted of a violation of this subsection-- . . . (ii) is a machinegun or a destructive device [Molotov cocktail] or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of <u>not less than 30 years</u>.
>
> (D) Notwithstanding any other provision of law-- . . . (ii) <u>no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment</u> imposed on the person, including any term of imprisonment imposed for the crime of violence or

drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924§ (c) (emphasis added). This statute remains the same today as it was when the Court sentenced the Petitioner on August 3, 2012.

"'It is axiomatic that a statutory minimum sentence is mandatory.'" *United States v. Lynch*, 903 F.3d 1061, 1083–84 (9th Cir. 2018) (quoting *United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011)). The safety valve exception cannot apply to Petitioner because by its own terms it does not apply to "'an organizer, leader, manager, or supervisor of others in the offense as determined under the sentencing guidelines.'" *Id.* (quoting 18 U.S.C. § 3553(f)(4)). *See* (Response (Doc. 558) at 5 (showing "Petitioner was overseer and directed others toward criminal activity"). Petitioner does not address the issue of whether this Court may or should grant compassionate release, here, where such relief will circumvent Congress' mandated consecutive minimum 30-year sentence. Petitioner does not address whether Congress has, thereby, limited the scope of information that this Court "may consider in deciding whether, and to what extent, to modify a sentence," or whether this Court's discretion to consider information is restrained by Congress' sentencing mandates. *Supra. above* (citing *Chen,* 48 F.4th at 1096).

Ignoring the sequential nature of the compassionate release inquiry into whether there is an extraordinary and compelling reason to grant relief, the Petitioner turns to the sentencing factors set out in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense and history and characteristics of the defendant. A Just sentence accounts for the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to deter criminal conduct and protect the public from further crimes by the defendant, and provide needed educational or vocational training, medical care, or other correctional treatment. Other sentencing factors include: the kinds of sentences available; any sentencing guideline consideration and pertinent policy statements; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims.

Petitioner argues now, as he did in 2012 when he was sentenced, that 360-months was not a "just sentence," which should not be greater than necessary to comply with the purposes of sentencing. He submits "[t]he other defendants charged in the case were sentenced much more leniently": Joshua Moser was sentenced to 120 months; Frederick Parker was sentenced to 72 months, and Eric Koernig was sentenced to five years of probation. (Supplemental Motion for Compassionate Release (Supp. Motion) (Doc. 549) at 2-3.)

Parker was convicted at trial on Counts 1 (conspiracy to possess a destructive device) and 2 (possession of a destructive device). Koernig plead guilty to Count 2. Coconspirator Moser plead guilty to Counts 1 and 2, and was a cooperating witness, who was sentenced under U.S.S.G. 5K1.1.

Unlike Petitioner, none of the coconspirator defendants were convicted and sentenced on Count 5 (conspiracy to possess with intent to distribute approx. 2 kilograms of cocaine) and Counts 6 and 7 the violations of Title 18, U.S.C. §924(c)(1)(A) and (c)(1)(B)(ii), for carrying and using, and conspiracy to carry and use, a firearm (a destructive device) during and in relation to a drug-trafficking crime. The mandatory consecutive minimum 30-year sentence attended Count 6. The Court sentenced Petitioner to concurrent 60 months sentences on Counts 1, 2, 5 and 7, followed by the mandatory minimum 30-year consecutive sentence for Count 6. There is simply no comparison between the sentences imposed on the Petitioner and the coconspirator defendants. Petitioner's assertion that his sentence should be reduced based on sentencing continuity fails.

Petitioner attempts to discount the seriousness of the offense by referencing comments made by the Court at sentencing that the coconspirator defendants employed the Molotov cocktails to send a message, not to try to kill anyone. (Supp. Motion (Doc. 549) at 6.)

"The nature and circumstances of the offense show that there was an agreement between the defendant and other individuals to target and intimidate an individual by

- 5 -

throwing what are known as Molotov cocktails at what they thought to be his house during the night." (Response (Doc. 558) at 3.) On appeal, the facts were summarized as follows:

> The evidence at trial showed that Alcantar was the "supervisor" of a group of felons who were members of the New Mexican Mafia. They embarked on a plan to buy and sell drugs in order to benefit members of the group still in prison. Their planned purchase of drugs at a park in Tucson was unsuccessful because of the seller's inability to provide the drugs, and the planned retaliation for his refusal to provide compensation was a firebombing that hit the wrong target.

*United States v. Alcantar*, 540 Fed.Appx. 697 (9th Cir. 2013).

The trial record reflects details of the planned retaliation, as follows:

> [A]fter failed cocaine transactions with the intended victim of the firebombing, the defendant, Ryan Polito, and Joshua Moser were going to set up a meeting with the intended victim of the firebombing to steal cocaine from him or kidnap and murder him. (Dkt. No. 414; RT 2/7/12 154.) The defendant approved this course of action. (*Id.*) Steps were undertaken to effectuate this plan including Polito and Koernig rendering the victim unconscious, holding a nail gun on him, and driving him to a secluded area. (Dkt. No. 414; RT 2/7/12 158-60.) The defendant was in telephonic contact with Polito and Koernig as well as physically following behind them in his vehicle. (Dkt. No. 414; RT 2/7/12 159-60.) It was only after Koernig made a wrong turn that the defendant changed course and allowed the victim to leave for $6,000. (Dkt. No. 414; RT 2/7/12 160-62.) After payment was not rendered, the defendant called Polito and stated that a message needed to be sent and the defendant, Polito, and Moser to firebomb what they thought was the victim's residence. (Dkt. No. 414; RT 2/7/12 165- 66.) The defendant drove Moser, Polito, and Parker to the residence where those three threw Molotov cocktails at the residence and then drove away. (Dkt. No. 414; RT 2/7/12 172-74).

(Response (Doc. 558) at 4-5.)

Inside the home, a retired electrician, who lives with his wife, woke around midnight to the sound of a bottle hitting his brick house. He went outside to find the front of his house and shrubs on fire. His neighbor told him his back porch was also on fire. *Id.* at 4 (citations omitted). Fortunately, the fire was extinguished, and no one was hurt.

The Petitioner argues that at the time of sentencing this Court suggested that the facts of the offense "were not the type of facts anticipated by Congress in enacting the mandatory sentencing provisions of 18 U.S.C. 924(c)(1)(B)(ii) [and therefore] are further extraordinary and compelling reasons" to grant compassionate release. (Supp. Motion (Doc. 549) at 8.) The Court does not agree but does admit to believing that Petitioner was

no worse than the other co-conspirator defendants, who were "big fat liars" and/or "dirt bags." *Id.* at 7 (citations to the record omitted).

The facts of this case reflect why those who commit drug offenses endanger a community. *Cf., United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (criminal enterprises, involving large amounts of dangerous drugs pose considerable danger to the community), *United States v. Hare*, 873 F.2d 796, 798 (5th Cir.1989) (stating that "[t]he risk of continued narcotics trafficking on bail constitutes a risk to the community"), *United States v. Leon*, 766 F.2d 77, 81 (2d Cir.1985) ("[I]t is clear that the harm to society caused by narcotics trafficking is encompassed within Congress' definition of 'danger'"). While the Court noted at sentencing it could conjure up a set of facts far worse than those existing here, the defendants did not intend the firebombs to be ineffective. The offense was serious and required a sentence adequate to deter such criminal conduct and protect the community from further criminal conduct by the Petitioner, whose criminal history category was a III.

The Petitioner asserts that from the time of the offense until he was arrested, approximately 3 years, he turned his life around, started a business, and began a family. Since his incarceration, the Petitioner has taken advantage of employment opportunities in the prison, worked two jobs, and advanced to lead cook. He has participated in an apprenticeship program as a cook for the Food Service Department and Recreation Department. He has taken multiple educational and training courses to improve his writing and public speaking, small business management, and earned certificates for parenting and drug treatment. He has been discipline-free, without any drug or alcohol use, and has become a "gang dropout," cutting ties with anyone gang affiliated. He maintains strong family ties, including a relationship with his 11-year-old son, who was an infant at the time of his arrest. (Supp. Motion (Doc. 549) at 9.)

Petitioner does assert that he suffers from sleep apnea and requires use of a CPAP machine. Sleep apnea has been identified as a risk factor for severe COVID (Supp. Motion (Doc. 549) at 11) (citing www.nhlbi.nih.gov). He contracted and recovered from COVID but remains vulnerable to reinfection. *Id.* Petitioner presents no conditions at the prison

and/or medical conditions that are out of the ordinary. While he may have sleep apnea, he appears otherwise to be a healthy individual, who's sleep apnea is treated and controlled by use of a CPAP.

## Conclusion

The Court considers the totality of the circumstances, including Petitioner's assertion that the facts of the offense were not of the type envisioned by Congress to warrant a mandatory consecutive 30-year sentence, his good conduct and work history while incarcerated and that he has taken advantage of various prison programs, his medical condition of sleep apnea that may increase his COVID risk factor. Alone none of these are extraordinary or compelling reasons to grant compassionate release, and in combination, they likewise fail.

The Court considers the 18 U.S.C. § 3553 sentencing factors and denies relief. There is no extraordinary sentencing disparity between the Petitioner's 360-month sentence and the lesser sentences received by the coconspirator defendants. They were not similarly situated for sentencing purposes. The mandatory consecutive minimum 30-year sentence did not apply to their offenses of conviction. Not only is this congressionally mandated sentencing disparity not an extraordinary and compelling reason to grant compassionate release, but there has also been no change in the statutory mandatory sentence provision 18 U.S.C. § 924(c) and, therefore, the 30-year consecutive sentence remains the kind of sentence available for the Petitioner's offense of conviction on Count 6. The Court finds that the 360-month sentence imposed by the Court reflects the seriousness of the offense, including the dangerous nature and circumstances of the offense which involved throwing Molotov cocktails at a person's house without regard for any innocent people who might

/////
/////
/////
/////
/////

occupy it. The sentence promotes respect for the law and adequate deterrence for this type of criminal conduct. The sentence protects the public from further crimes by the Petitioner.

**Accordingly,**

**IT IS ORDERED** that the Supplemental Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 549) is DENIED.

Dated this 5th day of January, 2023.

_____
Honorable David C. Bury
United States District Judge